Margaret HASTINGS, Appellant,

v.

Margaret HECKLER, Secretary, Health & Human Services, Appellee.

No. 83–1665.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1983.

Decided Feb. 24, 1984.

Rehearing Denied May 2, 1984.

Gordon Rosenmeier, Little Falls, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., Michael J. Zarski, Asst. Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for appellee; Donna Morros Weinstein, Regional Atty., Dept. of Health and Human Services, Chicago, Ill., of counsel.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Margaret Hastings appeals from the decision of the district court which adopted the magistrate's recommendation that Hastings was precluded from receiving spousal benefits under Section 202 of the Social Security Act.

Hastings, a divorcee, was married to a covered wage-earner for 12 years. Hastings was employed as a public school teacher until she retired in August of 1978. In January of 1979, the Social Security Act was amended to allow divorced wives to collect spousal benefits if they were married for over 10 years. The law prior to the amendment required a marriage of 20 years. Due to this amendment, Hastings applied for and was granted divorced wife's insurance benefits. In July of 1979, however, the Social Security Administration discovered that Hastings was receiving a monthly teacher's pension of $475.85. A hearing was held before an administrative law judge (ALJ) who determined that Hastings could not collect spousal benefits as they were reduced to zero when offset against the amount of her pension. The ALJ further found an overpayment of $855.80 and ordered that repayment could not be waived. Upon exhaustion of administrative remedies, Hastings brought suit in federal court. The matter went before a magistrate who affirmed the offset decision of the ALJ but ordered that, in good conscience, the Secretary could not require payment of the $855.80. The district court agreed with the recommendation of the magistrate.

On appeal, Hastings asserts that although section 402(b)(4)(a) requires recipients of government pensions to offset that amount against the amount of spousal benefits, section 334(g) of the 1977 amendments relieves this requirement. Section 334(g) describes those individuals who are relieved from the offset requirement, in pertinent part, as follows:

(B) who at the time of application or initial entitlement * * * under subsection (b) * * * meets the requirements of that

subsection as it was in effect and being administered in January, 1977.

This issue was addressed by the district court in its memorandum opinion. The district court held that

The exemption applies to those who are entitled to benefits under this subsection as that subsection was administered in 1977. In 1977 plaintiff would not have qualified for benefits under subsection b of 402 because she was not a "divorced wife (as so defined)." In 1977, section 416 defined a divorced wife as a woman who had been married for 20 years. It was not until the 1979 amendments that this was changed to 10 years so to allow plaintiff to receive benefits under section 402b.

Thus, the court concluded that Hastings' spousal benefits were properly offset due to receipt of a government pension.

We have carefully studied the record, including the district court opinion, the magistrate's report and recommendation, the ALJ's decision, the briefs and the arguments of the parties to this action. We find no merit to appellant's arguments, and accordingly affirm pursuant to Rule 14 of the rules of this court.